IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTIC PACIFIC EQUIPMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VECTA ENVIRONMENTAL SERVICES, LLC,<br><br>Defendant. | CIVIL ACTION FILE NO. _____ |

## COMPLAINT

Plaintiff Atlantic Pacific Equipment, LLC ("AT-PAC" or "Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendant Vecta Environmental Services, LLC ("Vecta"), and alleges as follows:

<u>Parties, Jurisdiction, and Venue</u>

1. AT-PAC is a limited liability company organized and existing under the laws of the State of Delaware, is registered and authorized to do business in the State of Georgia and has its principal office located at 1455 Old Alabama Road, Suite 100, Roswell, Georgia 30076.

2. Upon information and belief, Vecta is a corporation organized and existing under the laws of the State of Louisiana with a principal office located 2801 S. Darla Avenue, Gonzales, Louisiana. Vecta may be served through its

1

registered agent, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the Plaintiff and Defendant, and the amount in dispute subject to this action, excluding interest, attorneys' fees and costs, exceeds $75,000.00.

4. This Court has personal jurisdiction over Vecta because Vecta irrevocably consented in writing to personal jurisdiction in this Court via the forum selection clause in the governing Sales and Rental Agreement between the Parties.

5. Venue is proper in this Court because the governing Sales and Rental Agreement between the Parties requires that all actions arising from the governing contract are to be brought in the U.S. District Court for the Norther District of Georgia.

## Relevant Facts

6. Vecta entered into a January 25, 2022 Sales and Rental Agreement with AT-PAC ("Agreement") for AT-PAC's lease of certain scaffolding and related equipment (collectively "Equipment"). A true and correct copy of the Agreement, the governing agreement for purposes of this civil action, is attached as **Exhibit 1**.

7. Pursuant to the terms of the Agreement, Vecta leased significant quantities of Equipment from AT-PAC for use on its various industrial projects in Arkansas, Louisiana, Mississippi and Texas.

8. Paragraph II, Part 3.5 of the Agreement states:

[S]hall, in the event any item of Equipment shall become lost, stolen, destroyed, damaged beyond repair or rendered permanently unfit for use for any reason, or in the event of condemnation or seizure of any item of Equipment, promptly pay AT-PAC an amount equal to the current list price for such item of Equipment in effect at the time the Equipment was rented[.]

9. In March of 2023, Vecta notified AT-PAC of lost or unaccounted for Equipment previously in Vecta's possession through leases undertaken during the term of the Agreement. ("Lost Equipment")

10. The list price of the Lost Equipment under Paragraph II, Part 3.5 of the Agreement was $602,832.07 ("List Price").

11. On October 31, 2023, AT-PAC transmitted via email to Vecta's President, Mr. Kenny Rouse, an Estimate of Unaccounted Material reflecting the weight of the Lost Equipment (349,660 pounds) and seeking payment at a discounted price of $448,983.59.  *See* **Exhibit 2**.

12. Mr. Rouse responded on November 28, 2023, advising AT-PAC to charge Vecta for the Lost Equipment under a certain purchase order number. *See* **Exhibit 2**.

3

13. As directed by Mr. Rouse, AT-PAC invoiced Vecta for the Lost Equipment at the discounted price of $448,983.59 on November 29, 2023, but for reasons unknown, Vecta failed to pay AT-PAC as required by the terms of the Parties' Agreement.

14. The definition of an "Event of Default" under Paragraph II, Part 3.1 of the Agreement includes Vecta's failure to pay AT-PAC when due any installment of Equipment rent or Vecta's failure "to observe or perform any other obligation under the Agreement."

15. Paragraph III, Part 3.2 of the Agreement contains a liquidating provision wherein Vecta agreed that upon an Event of Default, AT-PAC's Loss shall be the sum of:

> (a) the amount of all rent and other amounts payable by Vecta hereunder due but unpaid as of said date, plus (b) the amount of al unpaid rent for the balance of the term of this Agreement, plus (c) ten percent (10%) of the current list price of the Equipment for nominal damage.

16. Further, Paragraph III, Part 3.3 of the Agreement requires Vecta, upon receipt of a notice of termination, to promptly deliver at its own expense all leased Equipment to an AT-PAC-designated return location.

17. Paragraph III, Part 3.5 of the Agreement states, in relevant part:

> …If any rental is terminated due to VECTA's default or expires prior to VECTA returning the Equipment, until the Equipment is returned to AT-PAC, VECTA shall pay to AT-PAC each month an amount equal to the monthly basic rental amount that was in effect during the last month of the initial term of such rental …

18. Pursuant to Paragraph III, Part 9 of the Agreement, Vecta agreed that in the event of default, "Vecta shall pay to AT-PAC all costs, expenses, out of court costs and reasonable attorneys' fees incurred in recovering AT-PAC's [Equipment.]"

19. In May of 2024, Vecta notified AT-PAC that Vecta did not intend to honor its payment obligations.

20. On June 6, 2024, AT-PAC exercised its rights under Agreement by serving Vecta with written notice advising of AT-PAC's termination of the Agreement due to Vecta's default for failure to pay for the Lost Equipment ("Default Letter"). *See* **Exhibit 3**.

21. AT-PAC's Demand Letter sought Vecta's payment, within seven (7) calendar days of said letter of $868,798.89, inclusive of the List Price of the Lost Equipment totaling $602,832.07, and additional equipment rental costs through May 31, 2024 ("Additional Rent") totaling $265,966.82, plus accruing rent costs payable pursuant to the default terms in the Agreement.

22. Because of Vecta's default of the Agreement, AT-PAC demanded Vecta's immediate return of all other Equipment leased by AT-PAC under the terms of the Agreement ("Other Equipment").

23. Vecta began returning some Other Equipment but failed to otherwise respond to AT-PAC's demand, thereby necessitating AT-PAC's engagement of undersigned counsel and the initiation of this civil action.

24. As a result of Vecta's default, AT-PAC has incurred and is continuing to incur legal expenses associated with AT-PAC's efforts to recover payment for amounts due and payable by Vecta under the terms of the Agreement.

25. All conditions precedent to the below claims have been satisfied, waived, or excused.

## Count I – Breach of Contract

26. AT-PAC incorporates and restates Paragraphs 6 through 25.

27. The January 25, 2022 Sales and Rental Agreement is a valid and enforceable contract between AT-PAC and Vecta.

28. Vecta had a contractual duty under the Agreement to timely pay AT-PAC for Lost Equipment upon demand.

29. By and through the actions of its President, Vecta confirmed its contractual payment obligations by directing AT-PAC to invoice Vecta for the 349,660 pounds of Lost Equipment on November 28, 2023.

30. Vecta materially breached its contractual obligations under the Agreement by failing and refusing to pay AT-PAC for the Lost Equipment after receipt of the invoice Vecta instructed AT-PAC to prepare.

31. Vecta further materially breached its contractual obligations under the Agreement by failing and refusing to pay AT-PAC the liquidated amounts demanded in AT-PAC's June 6, 2024 Demand Letter.

32. AT-PAC is legally and contractually entitled to recover all liquidated amounts due and payable for the Lost Equipment from Vecta due to Vecta's material breaches of the Agreement, plus all legal costs incurred by AT-PAC.

33. All conditions precedent to AT-PAC's right to recover the aforesaid sums from Vecta have occurred, or have been performed, waived, satisfied or otherwise excused by the conduct of Vecta.

WHEREFORE, AT-PAC demands judgment against Vecta for damages resulting from Vecta's material breaches of the Agreement, including the following:

(a) the List Price of the Lost Equipment, totaling $602,832.07;

(b) Additional Rent in excess of $265,966.82 and accruing monthly pursuant to the default terms in the Agreement;

(c) ten percent (10%) of the current list price of the Equipment for nominal damage;

(d) prejudgment and post-judgment interest;

(e)   all attorneys' fees, costs and expenses incurred by AT-PAC in the prosecution of this action pursuant to Paragraph III, Part 9 of the Agreement; and

(f)   such other and further relief as the Court deems just and proper.

## Count II – Action on Open Account

34. AT-PAC incorporates and restates Paragraphs 6 through 25.

35. In anticipation of future leases of Equipment by Vecta, AT-PAC and Vecta stipulated to contractual rental rates in Exhibit A of the Agreement.

36. The Agreement on pricing for future leases of AT-PAC's Equipment constituted an open account agreement between AT-PAC and Vecta.

37. Vecta leased Equipment from AT-PAC during the term of the Agreement, and AT-PAC leased such Equipment to Vecta pursuant to the open account agreement between the Parties.

38. AT-PAC leased all the Equipment to Vecta in accordance with the terms and conditions of the Agreement which Vecta accepted without exception.

39. AT-PAC submitted invoices to Vecta for Lost Equipment at Vecta's direction and pursuant to the open account agreement.

40. Vecta's failure to pay the amounts the Parties mutually agreed were payable for Lost Equipment constitutes a material breach of the open

account agreement between AT-PAC and Vecta for which AT-PAC is entitled to recover monetary damages.

41. Vecta is liable to AT-PAC for prejudgment interest on the principal amount of Lost Equipment and Additional Rent at the rate of one and one-half percent (1½%) per month from June 13, 2024, or earlier pursuant to O.C.G.A. § 7-4-16.

WHEREFORE, AT-PAC demands judgment against Vecta for damages resulting from Vecta's material breaches of the Agreement, including the following:

(a) the List Price of the Lost Equipment, totaling $602,832.07;

(b) Additional Rent in excess of $265,966.82 and accruing monthly pursuant to the default terms in the Agreement;

(c) ten percent (10%) of the current list price of the Equipment for nominal damage;

(d) prejudgment and post-judgment interest;

(e) all attorneys' fees, costs and expenses incurred by AT-PAC in the prosecution of this action pursuant to Paragraph III, Part 9 of the Agreement; and

(f) such other and further relief as the Court deems just and proper.

**Count III – Expenses of Litigation Under O.C.G.A. § 13-6-11**

42. AT-PAC incorporates and restates Paragraphs 6 through 25.

43. AT-PAC has incurred and will continue to incur attorneys' fees and expenses to prosecute the underlying claims.

44. Vecta has been stubbornly litigious in their steadfast refusal to tender payment for the Lost Equipment, and also for failure to pay the Additional Rent payable under the default terms of the Agreement, causing AT-PAC unnecessary trouble and expense.

45. AT-PAC is entitled to recover all costs of the prosecution of this action, including reasonable attorneys' fees pursuant to O.C.G.A. § 13-6-11, in an amount to be proven at trial.

WHEREFORE, AT-PAC requests judgment against Vecta for AT-PAC's reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

Respectfully submitted, this 13th day of August, 2024.

*/s/ Garrett E. Miller*
Garrett E. Miller
Georgia Bar No. 506568
*Attorneys for Atlantic Pacific Equipment, LLC*

SMITH CURRIE OLES LLP
2700 Marquis Tower One
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1227
Telephone:  (404) 582-8046
Facsimile:   (404) 688-0671